FILED

NOT FOR PUBLICATION

MAY 01 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRAN GRANT, | No. 14-15923 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02302-KJM-KJN |
| v. | |
| S. PALOMARES, Correctional Officer, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Darran Grant, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that a prison

guard subjected him to excessive force in violation of the Eighth Amendment.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Furnace v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Grant's excessive force claim because he failed to raise a genuine dispute of material fact as to whether Palomares used force maliciously and sadistically for the purpose of causing harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (in Eighth Amendment excessive force claims against prison officials, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *see also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) (deposition testimony regarding defendant's motive did not create a genuine dispute of material fact where not based on personal knowledge).

Contrary to Grant's contentions, the district court did not make improper credibility determinations in granting summary judgment.

**AFFIRMED.**

14-15923